Jennifer Meredith (JM 4816)
**Meredith & Keyhani, PLLC**
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819

Attorneys for Plaintiff
Pitbull Productions, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,               :
                        Plaintiff,       :
             v.                          :
                                         :
                                         :
Philip Bleicher individually             :        COMPLAINT
and d/b/a LBPI a/k/a Lukebaby            :
Productions, Inc. ,                      :
                        Defendant.       :
--------------------------------------------------x
```

Plaintiff Pitbull Productions, Inc. ("Pitbull"), by its attorneys Meredith & Keyhani, PLLC, as and for its complaint against Defendants alleges as follows:

**THE PARTIES**

1.     Plaintiff, Pitbull Productions, Inc. ("Pitbull"), is a company organized and registered in Delaware under the laws of Delaware with a place of business at 200 East 116th Street, Suite 2N, New York, New York 10029.

2.     On information and belief, Defendant, LBPI is a corporation organized and existing under the laws of Illinois with a place of business at 40 East Chicago, Suite 162, Chicago, Illinois 60611.

1

3.      On information and belief, Defendant, Philip Bleicher is the owner of LBPI.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., as amended, false designation of origin, trade dress infringement, and unfair competition as well as trademark infringement and unfair competition arising under the common law of the State of New York and as is hereinafter more fully described.

5.      On information and belief, LBPI actively targets the New York market and consumers.

6.      On information and belief, Defendants LBPI and Philip Bleicher have committed acts of trademark infringement, trade dress infringement and unfair competition in this district.

7.      On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

8.      Pitbull repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

9.      Pitbull, established in December 2003, is a company dedicated to homosexual adult entertainment websites and movies.

10.     On or about April of 2005, Plaintiff put out a video (in the niche arena of gay blatino films) with the trademark "Hot & Creamy".

11.     On or about August 19, 2005, Defendant advertised, via an email blast, their upcoming video to be released on or about August 31, 2005 (in the same niche arena of gay blatino films) using the trademark "Hot & Creamy".

12.     Defendants' Website www.cocostore.com may be accessed through Defendants' Domain Name throughout the United States, including the State of New York. Upon information and belief, Defendants have purposely availed themselves to the privilege of doing business within the State of New York by offering and providing services to residents of the State of New York, including this judicial District.

13.     On or about August 19, 2005, Plaintiff became aware of the Defendants' intended sale of the video using the trademark "Hot & Creamy".

14.     Defendants provide the identical services to the identical market as the Plaintiff's Website, namely, providing homosexual adult entertainment and more specifically providing gay blatino films.   Defendants compete directly against Plaintiff.

15.     Defendants' Website allows visitors to purchase Defendants' services directly from Defendants' Website.

16.     Defendants' use of the mark Hot & Creamy as used is confusingly similar to Plaintiff's common law trademark rights in the mark.

17.     Defendants' use of the Hot & Creamy name in connection with gay blatino films which are in direct competition with Plaintiff's goods is likely to cause confusion, mistake or deception among the relevant trade and public.

18.     Upon information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiff.

19.     Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through its trade dress and in its trademark Hot & Creamy unless Defendants are restrained by this Court.

20.     Plaintiff has no adequate remedy at law.

## COUNT I – TRADEMARK AND TRADE DRESS INFRINGEMENT

21.     Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 20 as through fully set forth herein

22.     Defendants' aforesaid activities constitute trademark and trade dress infringement under the Lanham Action, including Section 43(a) and New York Common Law as discussed *infra*, of Plaintiff's Trademark rights.

23.     Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

24.     Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 23 as though fully set forth herein.

4

24.     Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

25.     Defendants' use of Hot & Creamy is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendants.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

26.     Plaintiff repeats each and every allegation set forth herein in paragraphs 1 though 25 as though fully set forth herein.

27.     Defendants' aforesaid activities constitute infringement of Plaintiff's common law trademark Hot & Creamy and constitute common law trademark infringement and unfair competition under the common law of the State of New York.

**WHEREFORE**, Plaintiff prays that:

A.     Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as preliminary injunction and permanently thereafter from:

1.     Using the mark Hot & Creamy or any colorable imitation of Plaintiff's Hot & Creamy trademark, in connection with the sale of vides including, but not limited to, use made at Defendants' Website and use within email blasts;

5

2.    Doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected or associated with Plaintiff, or Plaintiff's business.

B.    Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to notify and direct in writing all individuals to whom the previous email blast was sent that they will no longer be using the Plaintiffs trademark and the sale of any videos using the mark Hot & Creamy will not be delivered and any monies returned;

C.    Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark Hot & Creamy or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's Hot & Creamy trademark.

D.    Within ten (10) days after the entry of an order for preliminary or permanent injunction, Defendants be required to notify in writing all publications (whether print or electronic) in which listings, advertisements or other references to Hot & Creamy appear or are scheduled to appear, directing them to immediately cancel any references to Hot & Creamy.

E.     Within ten (10) days after the entry of an order for preliminary or permanent injunction, Defendants be required to remove Hot & Creamy from any hidden source code, including meta tags, encoded at Defendants' Website.

F.    Within ten (10) days after the entry of an order for preliminary or permanent injunction, Defendants be required to notify and direct in writing all publishers of electronic directories, including Internet search engine providers, to remove all references to Hot & Creamy from their public databases, search engine directories and

directory assistance where Hot & Creamy appears in connection with Defendants' Website, and to delete all forwarding of  "cache memory" or storage mechanisms referencing Hot & Creamy in connection with Defendants' Website and Defendant's videos.

G.     Within ten (10) days after the entry of an order for preliminary or permanent injunction, Defendants be required to notify in writing each of their former and current customers as to the entry of the Court's injunction against using the same mark Hot & Creamy, or any colorable imitation of Plaintiff's Hot & Creamy trademark, in connection with their administrative services.

H.     Plaintiff recover the Defendants' profits, as well as the damages sustained by Plaintiff due to Defendants' infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled.

I     Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the terms of the injunction.

J     Awarding Plaintiff such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

K     Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees and disbursements.

L     Defendants be required to deliver any already produced copies of the Hot & Creamy videos to Plaintiff for destruction.

M     Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated: August 25, 2005              Respectfully Submitted,
      New York, New York

                                       /s/ Jennifer Meredith
                                       Jennifer Meredith (JM 4816)
                                       **Meredith & Keyhani, PLLC**
                                       330 Madison Avenue
                                       6th Floor
                                       New York, New York 10017
                                       Telephone (212) 760-0098
                                       Facsimile (212) 202-3819

                                       Attorney for Plaintiff
                                       Pitbull Productions, Inc.