Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098 telephone
(212) 202-3819 telefax

Attorneys for Plaintiff
Pitbull Productions, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,            :
                          Plaintiff,            :
        v.            :
                        :
                        :            1:05-cv-7593 (NRB)
Philip Bleicher and Devin Wiley            :
Individually and d/b/a Flava Works,            :
1Distribution,            :
                Defendant.            :
-----------------------------------------------------x

## PLAINITIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

MEREDITH & KEYHANI, PLLC
330 Madison Avenue
6TH FLOOR
NEW YORK, NEW YORK 10017
(212) 760-0098

Electronically Submitted

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………….... ii

    I.        Background……………………………………………....   1

    II.      Res Judicata ……………………………………………….   2

        A.      Standard ………………………………………….   2

        (1)  The previous action involved an adjudication on the merits..   2

        (2)  The previous action involved the same [parties]
            or those in privity with them………………………………..   2

        (3) The claims asserted in the subsequent action were, or could
            have been, raised in the prior action………………………...   3

    III.     Conclusion…………………………………………………   4

# TABLE OF AUTHORITIES

## Cases

Cameron v. Church, 253 F.Supp.2d at 619……………………………………….. 3

Carpenter v. Fleet/Norstar Bank, 1992 WL 349771, at *1 (S.D.N.Y.1992)…… 2-3

Chase Manhattan, N.A. v. Celotex Corp., 56 F.3d 346 (2d Cir.1995)…………. 2

Commer v. McEntee, 00 Civ. 7913, 2003 WL 22204550 at *5
    (S.D.N.Y. Sept.24, 2003)………………………………………………… 3

Forte v. Kaneka Am. Corp., 110 A.D.2d 81, 85, 493 N.Y.S.2d 180………….. 2

Green v. Santa Fe Industries, Inc., 70 N.Y.2d 244, 253, 519 N.Y.S.2d 793,
    514 N.E.2d 105 (1987)………………………………………………… 2

Marshall v. National Ass'n of Letter Carriers, 2003 WL 22519869 at *8…….. 3

Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2d Cir.2002) …………. 3

Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir.2000)… 2

Nottenberg v. Walber 985 Co., 160 A.D.2d 574, 575, 554 N.Y.S.2d 217……. 2

Pike v. Freeman, 266 F.3d at 91…………………………………………………. 3

Ruiz v. Comm'r of the Dep't of Transp., 858 F.2d 898, 903 (2d Cir.1988)…… 3

Semi-Tech Litig., LLC v. Bankers Trust Co., 272 F.Supp.2d at 325………..... 3

# I.    BACKGROUND

Plaintiff Pitbull Productions previously sued Philip Bleicher individually and dba Lukebaby Productions, Inc. for trademark and trade dress infringement, false designation of origin, trademark cybersquatting, commonlaw trademark infringement and unfair competition (relating to Plaintiffs trademark "thugporn" and Defendants subsequent use of the trademark "thugporno") and copyright infringement (relating to the defendants adopting a nearly identical look and feel to Plaintiffs "thugporn.com" site at "thugporno.com").   Defendants countersued Plaintiff for trademark and trade dress infringement, false designation of origin, trademark cybersquatting, common law trademark infringement and unfair competition, copyright infringement, fraud, interference with business opportunity, slander and defamation, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, disclosure of trade secrets, violation of RICO statute and violation of antitrust statute in the Previous Action Counterclaims Docket No. 04-1710 (RMB), "Previous Action").   The Previous Action Counterclaims related mostly to Counterclaim Defendant (Plaintiff) Pitbull Productions employee, Andre Maisonette, prior employment by Counterclaim Plaintiff (Defendant) Lukebaby.  The Previous Action was discontinued with prejudice pursuant to a settlement agreement entered into by the Plaintiff and Defendant in which both sides signed a general mutual release as to all claims.  See Attached Exhibit A.

Now, Defendants attempt to relitigate the issues of Disclosure of Trade Secrets, Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing and Breach of Fiduciary Duty by bringing in the same exact claims (Current Action Counterclaims (Docket No. 1:05-cv-7593 (NRB)).  However, in an attempt to circumvent the Previous Action settlement agreement the counterclaim Plaintiffs (defendants) are suing the individuals, as opposed to the corporate entity, in an attempt to circumvent the settlement in prior litigation.

Because of this, Plaintiffs requests that averments 20-43, 50, 81-83 and 106-123 be dismissed as being barred by the doctrine of *res judicata* as a result of the settlement of the Previous Action by order of discontinuance.

## II.    RES JUDICATA

Counterclaim Plaintiffs' (Defendants') claims relating to Disclosure of Trade Secrets, Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing and Breach of Fiduciary Duty have been litigated in the Previous Action and are therefore barred.

### A.    Standard

The defense of *res judicata* requires a party to show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir.2000).

### (1)    The previous action involved an adjudication on the merits

The previous action was discontinued pursuant to a settlement. See attached Exhibit A. An order of discontinuance effecting settlement on the merits is accorded the same *res judicata* effect as the entry of judgment on the merits (Nottenberg v. Walber 985 Co., 160 A.D.2d 574, 575, 554 N.Y.S.2d 217, citing Forte v. Kaneka Am. Corp., 110 A.D.2d 81, 85, 493 N.Y.S.2d 180). The previous action was litigated on the merits and settled as in the *Nottenberg* case.

### (2)    The previous action involved the same [parties] or those in privity with them

A judgment on the merits in a previous action is binding not only on the parties to that action, but on those in privity with them. Chase Manhattan, N.A. v. Celotex Corp., 56 F.3d 346 (2d Cir.1995). In order to establish privity under New York law, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented at the prior proceeding." Green v. Santa Fe Industries, Inc., 70

N.Y.2d 244, 253, 519 N.Y.S.2d 793, 514 N.E.2d 105 (1987); see also Carpenter v. Fleet/Norstar Bank, 1992 WL 349771, at *1 (S.D.N.Y.1992) ("where the interests of a nonparty shareholder or corporate officer were adequately represented by the corporation in the previous action, and where that shareholder/officer actively participated in that previous litigation, the parties are in privity and *res judicata* applies."). In the previous action, all allegations were made as against Andre Maisonette and Edward Desmond acting as agents of the Counterclaim Defendant (Plaintiff) Pitbull Productions. The interests of Andre Maisonette and Edward Desmond were such that their interests were represented at the prior proceeding.

Finally, the fact that the parties in the prior and current litigation had the same attorney is of "singular significance" in the privity analysis. Ruiz v. Comm'r of the Dep't of Transp., 858 F.2d 898, 903 (2d Cir.1988). As here, the attorney is the same and represents all parties (Pitbull Productions, Andre Maisonette and Edward Desmond).

> (3)  The claims asserted in the subsequent action were, or could have been, raised in the previous action

To determine whether two actions arise from the same transaction or claim, 'we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." ' Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2d Cir.2002) (quoting Pike v. Freeman, 266 F.3d at 91); see also, e.g., Marshall v. National Ass'n of Letter Carriers, 2003 WL 22519869 at *8; Semi-Tech Litig., LLC v. Bankers Trust Co., 272 F.Supp.2d at 325; Commer v. McEntee, 00 Civ. 7913, 2003 WL 22204550 at *5 (S.D.N.Y. Sept.24, 2003); Cameron v. Church, 253 F.Supp.2d at 619. The underlying facts, time, space, origin and motivation in the current suit are identical. In fact, it appears the facts and causes of action were cut and paste

from the previous action.  See Attached Exhibit B.  The averments in paragraphs 20-43,

50, 81-83 and 106-123 were, or could have been, raised in the previous action.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that averments 20-43, 50,

81-83 and 106-123 be dismissed as being barred by the doctrine of *res judicata.*


Dated: April 25, 2006                    By:     _/s/ Jennifer Meredith_____
       New York, New York                                Jennifer Meredith (JM 4816)
                                           Meredith & Keyhani, PLLC
                                           330 Madison Avenue
                                           6th Floor
                                           New York, New York 10017
                                         (212) 760-0098 telephone
                                         (212) 202-3819 telefax

                                         Attorney for Plaintiff
                                         Pitbull Productions, Inc.
                                         Andre Maisonette
                                         Edward Desmond

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,                        :
                    Plaintiff,                    :
                                                  :
           v.                                     :        04 CV 1710 (RMB)
                                                  :
                                                  :        STIPULATION OF
Philip Bleicher individually                      :        SETTLEMENT
and d/b/a LBPI a/k/a Lukebaby                      :
Productions, Inc.  Next Magazine,                 :
                    Defendant.                    :
-------------------------------------------------x
```

## RECITALS

1.    Pitbull Productions, Inc. ("Pitbull") is a company organized and registered in Delaware, existing under the laws of Delaware with a place of business located at 200 East 116th Street, Suite 2N, New York, New York 10029.


2.    Lukebaby Productions, Inc. ("Lukebaby") is a company organized and registered in Illinois, existing under the laws of Illinois with a place of business located at 40 East Chicago, Suite 162, Chicago Illinois 60611.


3.    Philip Bleicher ("Bleicher") is a natural person and the owner of Lukebaby.


4.    On March 2, 2004, Pitbull commenced a civil action in the United States District Court for the Southern District of New York, Index No. 04 CV 1710 (RMB) ("the Federal Action") captioned "Pitbull Productions, Inc., v. Philip Bleicher

individually and d/b/a LBPI a/k/a Lukebaby Productions, Inc. and Next Magazine". The Federal Action is presently assigned to the Honorable Richard M. Berman and is presently pending.

5.     In the Second Amended Complaint, Pitbull alleges trademark and trade dress infringement, false designation of origin, trademark cybersquatting, common law trademark infringement and unfair competition, copyright infringement and trade secret misappropriation.

6.     In its answer, Lukebaby interposed Counter-Claims for trademark and trade dress infringement, false designation of origin, trademark cybersquatting, common law trademark infringement and unfair competition, copyright infringement, interference with business opportunity, slander and defamation, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty and disclosure of trade secrets.

## TERMS

7.     Lukebaby and Bleicher fully warrant, agree and covenant that upon the execution of this Agreement, Lukebaby and/ or Bleicher shall, within seventy two (72) hours after execution of this Agreement, redirect websites www.thugporno.com and www.thugpornos.com to www.thugporn.com and within seven (7) business days after execution Lukebaby and/or Bleicher shall provide proof of transfer of ownership and registration, at plaintiffs expense, of the websites "www.thugporno.com", "www.thugpron.com" and "www.thugpornos.com" from Lukebaby to Pitbull. In the

event that paperwork is required from Pitbull to effectuate a transfer or redirect, the seventy two hour time frame to redirect and seven business days to provide proof of transfer of ownership shall be measured from receipt of required materials from Pitbull.

8.      Lukebaby and Bleicher fully warrant, agree and covenant that any entities controlled, owned or for which Lukebaby and/or Bleicher has an interest in now and in the future, will immediately completely cease and desist forever from any and all use of the "Thugporno" mark, the thugporno logo and any use that is confusingly similar to plaintiffs thugporn word mark and design marks (U.S. trademark applications, serial numbers 78337523, 78376524 and 78376333). Notwithstanding anything to the contrary contained herein, Pitbull acknowledges that LukeBaby and/or Bleicher produce DVD's some of which contain advertisements for www.thugporno.com on the DVD covers and Pitbull agrees that distribution of DVDs containing such advertisements shall not be deemed a breach of this Stipulation of Settlement.

9.      Lukebaby and Bleicher fully warrants, agrees and covenants that upon the execution of this Agreement, Lukebaby and Bleicher, its subsidiaries and assigns, shall not register any domain name containing variations of the word "thugporn".

10.     Pitbull fully warrants, agrees and covenants that any entities controlled, owned or for which Pitbull has an interest in now and in the future, will immediately completely cease and desist forever from registering or operating any domain name containing variations of Lukebaby and Bleicher domain names, including without

3

limitation cocodorm, cocostore, cocoboyz, mixitupboy, blockbusterthugs, thugsforsex, olatin, thugboy, boyhookup, and papicock, and Pitbull fully fully warrants, agrees and covenants that any entities controlled, owned or for which Pitbull has an interest in now and in the future, will immediately completely cease and desist <u>forever</u> from utilizing any of the competitive domain names registered by Pitbull (annexed hereto and incorporated herein by reference as Exhibit A is a list of domain names purchased by Pitbull containing competitive names with Lukebaby), Pitbull shall not renew and shall allow such registrations to expire at the end of their current term and, in the event Lukebaby and/or Bleicher chooses to register such names, Pitbull shall execute such documents as the domain registrar(s) shall require for Lukebaby and/or Bleicher to obtain the registration, any costs of transfer requested by Lukebaby shall be borne by Lukebaby.

11.    Lukebaby fully warrants, agrees and covenants that upon the execution of this Agreement, Lukebaby will, beginning on the date of execution of this Agreement, or such later date as Pitbull provides conforming copy to Lukebaby, display one (1) of Pitbull's website banners in the first or second spot and four (4) other banners in top ten placement on cocoboyz.com, thugboy.com, papicock.com, olatin.com and cocodorm.com for a period of five (5) months from the date of execution of this Agreement.   Pitbull's banner shall conform to the banner size, shape and other reasonable requirements of banners displayed on the web page pursuant to Lukebaby's web master revenue sharing program.   The webpage will be defined as the page of each site where links or banners are currently displayed (i.e. http://www.cocodorm.com/links/index.html). At the conclusion of five (5) months, Pitbull may enter into Lukebaby's standard web master

4

revenue sharing program to continue to be displayed on the links page, Pitbull shall be treated in the same manner as other companies participating in such a program with Lukebaby.

12.     Parties fully warrant, agree and covenant that any entities controlled, owned or for which the Party has an interest in now and in the future, will immediately completely cease and desist <u>forever</u> from intentionally using any privileged, confidential or proprietary information or materials, including without limitation files, pictures, and digital content, obtained from the other Party, regardless of the manner in which the material or information was provided to such Party, without the prior written consent of the other Party. Without admission of any fault or wrongdoing by either Party, Parties fully warrant, agree and covenant that in the event a Party, at the time of execution of Agreement, is in possession of any material or information referred to in the preceding sentence, said Party will immediately completely and <u>forever</u> destroy such information or in the alternative, at the Party's sole option, deliver such materials or information to the other Party. Any use of privileged or proprietary information shall constitute a breach of the Stipulation of Settlement, and result in damages in the amount of $2,000 per material per unauthorized use.

13.     Lukebaby fully warrants, agrees and covenants that upon the execution of this Agreement, Lukebaby will pay $5,000 to Pitbull, thereafter, Lukebaby shall pay to Pitbull $1,000 per month, for five (5) months subsequent to the execution of this

agreement for a total of an additional $5,000 in addition to the $5,000 paid herewith the execution of this agreement.

14.    Lukebaby fully warrants, agrees and covenants that if any of the payments described in ¶ 13 are late there will be a $100 surcharge for the first seven (7) days of deficiency and an additional $50 surcharge for each day beyond the initial seven (7) days that the payment is delinquent;  and if collection via counsel is necessary, for an amount exceeding exclusively interest, Lukebaby fully warrants, agrees and covenants that Lukebaby will pay any and all attorney's fees and the jurisdiction for such legal action will be New York.

15.    Parties, their successors, assigns, and agents, fully warrant, agree and covenant to hold this Agreement in strictest confidence and to divulge its existence, terms, conditions and other contents to no other person, party or entity.  Parties, their successors, assigns, and agents, also agree to treat as strictly confidential, and to refrain from divulging the contents or existence of, any and all documents, communications, statements, and other evidence relevant to the Federal Action under which this Stipulation of Settlement is made, including, without limitation, any and all information and materials relating to the business activities known or learned about each other, such as knowledge of business practices and documents pertaining thereto, accounting practices and documents pertaining thereto, and any governmental records denominated in the name of either party or any business they operated.

6

16.    By reason of the covenants and agreements set forth in this Stipulation of

Settlement, Parties agree to release each other from any and all claims and pleadings set

forth in the Federal Action. Such General Mutual Releases shall be executed

contemporaneously with the Execution of this Stipulation by the parties (annexed hereto

and incorporated herein as Exhibit B is the General Mutual Release).


17.    Parties fully warrant, agree and covenant that upon the execution of this

Agreement, Party will execute a declaration confirming that Party and all business

entities Party controls, owns or has an interest in now and in the future, including

Lukebaby and Pitbull have complied with all terms listed in ¶ 1-16 above.


Pitbull Productions, Inc.


Edward Desmond,                                    Dated: _19. AUG. 04_
Owner, Chairman                                           New York, New York
Pitbull Productions, Inc.

State of New York            :
                                                : SS.:
County of New York           :

On _AUGUST  19_ , 2004 before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to the be
the individual(s) whose name(s) is (are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individual(s), or the person upon
behalf of which the individual(s) acted, executed the instrument.


_____
Signature and Office of Person Taking Acknowledgment

REGISTRATION  NO.  02 MEG095418                                              7

Philip Bleicher, individually and d/b/a
LBPI a/k/a Lukebaby Productions, Inc.


Philip Bleicher,                          Dated: _8/23/04_
Owner,                                            New York, New York
Lukebaby Productions, Inc.


State of New York            :
                                          : SS.:
County of New York           :

On ____August 23____, 2004 before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to the be
the individual(s) whose name(s) is (are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individual(s), or the person upon
behalf of which the individual(s) acted, executed the instrument.


_____Signature and Office of Person Taking Acknowledgment
                HAVONA MADAMA
        Notary Public, State of New York
                No. 02MA6018529
            Qualified in New York County
        Commission Expires January 11, 200_

8

EXHIBIT A
TO STIPULATION OF SETTLEMENT
PITBULL VS. LUKEBABY 04 CV 1710 (RMB)

COCO-BOYS.COM
COCO-BOYZ.COM
COCO-DORM.COM
COCOBOYSLIVE.COM
COCOBOYSVIDEO.COM
COCOBOYSVIDEOS.COM
COCOBOYZLIVE.COM
COCOBOYZVIDEO.COM
COCOBOYZVIDEOS.COM
COCODORMLIFE.COM
COCODORMVIDEO.COM
COCODORMVIDEOS.COM
COCOWOMEN.COM
LUKEBABYLIVE.COM
LUKEBABYVIDEO.COM
LUKEBABYVIDEOS.COM
MIXITUPTHUGS.COM
MIXITUPTHUGZ.COM
O-LATIN.COM
OLATINOS.COM
PAPI-COCK.COM
PAPICOCKLIVE.COM
PAPICOCKS.COM
PAPICOCKVIDEO.COM
THUGZ4SEX.COM
THUGZFORSEX.COM

EXHIBIT B
TO STIPULATION OF SETTLEMENT
PITBULL VS. LUKEBABY 04 CV 1710 (RMB)

## MUTUAL GENERAL RELEASES

For good and valuable consideration, Plaintiff Pitbull releases and forever discharges Defendants Philip Bleicher individually and d/b/a LBPI a/k/a Lukebaby Productions, Inc. and their parents, subsidiaries, predecessors, divisions, committees, affiliates, successors and assigns of and from all actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or unknown, in law, admiralty or equity, which against them or any of them, whether jointly or severally, Plaintiff Pitbull and its parents, subsidiaries, predecessors, divisions, committees, affiliates, successors and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation of Settlement arising out of or in any way related to the claims and pleading of the Second Amended Complaint in the Federal Action PITBULL VS. LUKEBABY 04 CV 1710 (RMB).

For good and valuable consideration, Defendant releases and forever discharges Plaintiff and its parents, subsidiaries, predecessors, divisions, committees, affiliates, successors and assigns of and from all actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or unknown, in law, admiralty or equity, which against them or any of them, whether jointly or severally, Plaintiff and its parents, subsidiaries, predecessors, divisions, committees, affiliates, successors and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation of Settlement arising out of or in any way related to the claims and pleading of the Second Amended Complaint in the Federal Action PITBULL VS. LUKEBABY 04 CV 1710 (RMB).

Nothing herein shall be construed to terminate those provisions in the Agreement concerning ownership, proprietary rights, confidentiality or other provisions intended to survive the Agreement.

10

EXHIBIT B

CURRENT LAWSUIT
04 CV 1710 (RMB)

PREVIOUS LAWSUIT
05 Civ. 7593 (NRB)

## COUNT V – BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

116.    Defendants repeat and reallege the allegations contained in Paragraphs 1 through 115 of the Answer, with the same force and effect as though the same has been fully set forth at length herein.

117.    Maisonette owed a duty of good faith and fair dealing to Defendant, such duty being implied in the employment and work for hire contracts between Maisonette and Defendant and in their two-year course of dealing, and by Defendant's justifiable reliance on Third-Party Defendants' repeated representations during that time. The duty of good faith and fair dealing required Third-Party Defendants to refrain from taking any action to start a directly competitive business with Defendant, using confidential and privileged information gained from Defendant.

118.    Maisonette acted in bad faith by engaging in inherently deceptive conduct in a calculated attempt to circumvent and defeat the terms and purpose of the above-mentioned agreements.

119.    As a direct and proximate result of Third-Party Defendants, Maisonette and Desmond's conduct alleged in this Answer, Defendant has been damaged and will be damaged in an amount to be proven at trial.

## COUNT IX – BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

97.    Defendants repeat and reallege the allegations contained in Paragraphs 42 through 96 of the Answer, their responses to the Complaint and all Defenses contained in Paragraphs 1 through 41 of the Answer, as if fully set forth herein.

98.    Plaintiff agent Maisonette owed a duty of good faith and fair dealing to Defendant, duty implied in the employment and work for hire contracts between Maisonette and Defendant and in their two-year course of dealing, and by Defendant's justifiable reliance on Plaintiff's repeated representations during that time. The duty of good faith and fair dealing required Plaintiff to refrain from taking any action to start a directly competitive business with Defendant, using confidential and privileged information gained from Defendant.

99.    Upon information and belief, Plaintiff acted in bad faith by engaging in inherently deceptive conduct in a calculated attempt to circumvent and defeat the terms and purpose of the above-mentioned agreements.

100.    As a direct and proximate result of Plaintiff's, Maisonette's and Desmond's conduct, Defendant has been damaged and will be damaged in an amount to be proven at trial.

| CURRENT LAWSUIT<br>04 CV 1710 (RMB) | PREVIOUS LAWSUIT<br>05 Civ. 7593 (NRB) |
|---|---|

## COUNT VI – BREACH OF FIDUCIARY DUTY

120. Defendants repeat and reallege the allegations contained in Paragraphs 1 through 119 of the Answer, with the same force and effect as though the same has been fully set forth at length herein.

121. While acting as agent for Defendant, Maisonette was subject to a duty requiring that he avoid promoting interests contrary to those of Defendant, which Maisonette breached, causing damage to Defendant.

## COUNT IX – BREACH OF FIDUCIARY DUTY

101. Defendants repeat and reallege the allegations contained in Paragraphs 42 through 100 of the Answer, their responses to the Complaint and all Defenses contained in Paragraphs 1 through 41 of the Answer, as if fully set forth herein.

102. While acting as agent for Defendant, Maisonette was subject to a duty requiring that he avoid promoting interests contrary to those of Defendant, which Maisonette breached, causing damage to Defendant.

**CURRENT LAWSUIT**
**04 CV 1710 (RMB)**

**PREVIOUS LAWSUIT**
**05 Civ. 7593 (NRB)**

## COUNT III – DISCLOSURE OF TRADE SECRETS

## COUNT X – DISCLOSURE OF TRADE SECRETS

106. Defendants repeat and reallege the allegations contained in Paragraphs 1 through 105 of the Answer, with the same force and effect as though the same has been fully set forth at length herein.

103. Defendants repeat and reallege the allegations contained in Paragraphs 42 through 102 of the Answer, their responses to the Complaint and all Defenses contained in Paragraphs 1 through 41 of the Answer, as if fully set forth herein.

107. Prior to being employed by Defendant, Third-Party Defendants and/or Maisonette had no knowledge of Defendant's secret or confidential information, processes, or the production methods utilized by Defendant in the production of adult videos, among other things.

104. Prior to being employed by Defendant, Plaintiff and/or Maisonette had no knowledge of Defendant's secret or confidential information, processes, or the production methods utilized by Defendant in the production of pornographic images and websites, among other things.

108. Upon information and belief, during and subsequent to employment with Defendant, Maisonette knowingly and willfully disclosed such trade secrets and confidential information belonging to Defendant to Third-Party Defendants

105. Upon information and belief, during and subsequent to employment with Defendant, Maisonette knowingly and willfully disclosed such trade secrets and confidential information belonging to Defendant to Plaintiff.

109. Such trade secrets and confidential information are a primary asset of Defendant, and Defendant has carefully guarded these trade secrets and confidential information, and there has been no public disclosure of these trade secrets by Defendant.

106. Such trade secrets and confidential information are a primary asset of Defendant, and Defendant has carefully guarded these trade secrets and confidential information, and there has been no public disclosure of these trade secrets by Defendant.

| CURRENT LAWSUIT<br>04 CV 1710 (RMB) | PREVIOUS LAWSUIT<br>05 Civ. 7593 (NRB) |

## DISCLOSURE OF TRADE SECRETS – Continued

107. By reason of the willful and knowing disclosure by Maisonette of Defendant's trade secrets and confidential information, Defendant has been and, unless Plaintiff is enjoined from further making such disclosures, will continue to be greatly and irreparably harmed and injured, and will suffer the threat of loss of competitive advantage, income, profits, and customers, without having an adequate remedy at law.

108. Plaintiff has appropriated and used, for its benefit, the confidential information and secrets of Defendant, including those relating to its production of pornographic materials and websites without Defendant's consent, and in violation of Defendant's rights. Such appropriation and use by Plaintiff has been, and will be, of great value to Plaintiff, and has resulted, and will result, in its unjust enrichment.

109. Defendant's competitive advantage in the development, manufacture, and marketing of its products, will be seriously impaired, and Defendant will therefore suffer great and irreparable injury without having an adequate remedy at law, unless the unlawful invasion by Plaintiff of Defendant's rights in the above-described confidential information and secrets is enjoined.

110. By reason of the willful and knowing disclosure by Maisonette of Defendant's trade secrets and confidential information, Defendant has been and, unless Third-Party Defendants is enjoined from further making such disclosures, will continue to be greatly and irreparably harmed and injured, and will suffer the threat of loss of competitive advantage, income, profits, and customers, without having an adequate remedy at law.

111. Third-Party Defendants, Desmond and Maisonette have appropriated and used, for its benefit, the confidential information and secrets of Defendant, including those relating to its production of adult videos and procurement of models without Defendant's consent, and in violation of Defendant's rights. Such appropriation and use by Third-Party Defendants, Desmond and Maisonette has been, and will be, of great value to Third-Party Defendants, Desmond and Maisonette, and has resulted, and will result, in their unjust enrichment.

112. Defendant's competitive advantage in the development, manufacture, and marketing of its products, will be seriously impaired, and Defendant will therefore suffer great and irreparable injury without having an adequate remedy at law, unless the unlawful invasion by Third-Party Defendants, Desmond and Maisonette of Defendant's rights in the above-described confidential information and secrets is enjoined. Defendant has no adequate remedy available at law.