Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098 telephone
(212) 202-3819 telefax

Attorneys for Plaintiff
Pitbull Productions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,          :
        Plaintiff,              :
    v.                                  :
                                           :
                                         :    1:05-cv-7593 (NRB)
Philip Bleicher and Devin Wiley     :
Individually and d/b/a Flava Works,  :
1Distribution,                       :
        Defendant.             :
------------------------------------------------------x

**PLAINTIFF'S REPLY MEMORANDUM**

## TABLE OF CONTENTS

Table of Authorities……………………………………………………………... ii

Reply Memorandum

I.  The language of the settlement agreement and
    circumstances indicate that the prior action was
    discontinued with prejudice ………………………………………...        1

II. Privity of parties is clear…………………………………………..           2

III. Alternatively, if the Court deems that the prior action
     was not dismissed with prejudice then Plaintiff's
     should be given the opportunity to also relitigate their
     claims……………………………………………………………….            2

IV. The disposition of the Settlement Agreement in the
    prior action is governed by contract law……………………………       3

V.  Conclusion……………………………………………………………        4

# TABLE OF AUTHORITIES

### Cases

*Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655…………1

*Carpenter v. Fleet/Norstar Bank*, 1992 WL 349771………………….…2

*Expert Electric, Inc. v. Levine*, 554 F.2d 1227……………..…….…..….2

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394………………………1

I.  **The language of the Settlement Agreement and circumstances indicate that the prior action was discontinued with prejudice**

An order of discontinuance carries *res judicata* effect. *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 38 Fed.R.Serv.3d 144 (2nd Cir.(N.Y.) Jun 26, 1997) citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981) ("Absent a viable direct attack on the stipulation of discontinuance" [] *res judicata* [] "'precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'").

The Order of Discontinuance for PITBULL VS. LUKEBABY 04 CV 1710 (RMB) (hereinafter "the prior action") states "Based on the Stipulation of Settlement [] it is hereby ORDERED, that the above-entitled action be, and the same hereby is, discontinued.

The Stipulation of Settlement in the prior action states that the "Parties agree to release each other *from any and all claims and pleadings* in the Federal Action. Such General Mutual Releases shall be executed contemporaneously with the Execution of this Stipulation of the parties" (*emphasis added*), Settlement Agreement ¶16. The MUTUAL GENERAL RELEASES also specifically state "Defendant *releases and forever discharges* Plaintiff and its parents, subsidiaries, predecessors, divisions, committees, affiliates, successors and assigns of and from all actions, suits, [] claims and demands whatsoever, known or unknown [] *arising out of or in any way related to the claims and pleadings* of the Second Amended Complaint in the Federal Action PITBULL VS. LUKEBABY 04 CV 1710 (RMB). The language throughout the settlement agreement is that of an action settled with prejudice.

As the language throughout the Settlement Agreement makes very clear, all claims and demands arising out of or in any way related were to be discharged and released forever and thus with prejudice. Judge Berman's Order of Discontinuance was based upon the Settlement Agreement in the prior action and constitutes a dismissal with prejudice with *res judicata* effect and defendants are barred from relitigating those claims.

1

The rationale of *res judicata* is to "avoid[ ] repetitive litigation of the same causes of action." *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.1977), cert. denied,434 U.S. 903 (1977).  Defendants had an opportunity to litigate the matters and are now attempting to get a second bite at the apple.

II. **Privity of parties is clear**

Defendants ignore the clear privity of the Edward Desmond and Andre Maisonette who were also shareholders and corporate officers of the Plaintiffs at the time of the litigation and who actively participated in the prior action. *Carpenter v. Fleet/Norstar Bank*, 1992 WL 349771, at *1 (S.D.N.Y.1992) ("where the interests of a nonparty shareholder or corporate officer were adequately represented by the corporation in the previous action, and where that shareholder/officer actively participated in that previous litigation, the parties are in privity and *res judicata* applies).  The Settlement Agreement in the prior action was in fact signed by Edward Desmond, who Defendants simply state was not a party in the prior action.  However, this is not relevant.  What is relevant is whether Mr. Desmond and Mr. Maisonette's interests were represented and they were in privity to the Plaintiffs in the prior action.  Most of the facts that support each cause of action state that they were carried out by Andre Maisonette and/or Edward Desmond as an agent of Plaintiff.  The fact that they were not individually named in the lawsuit is not determinative of the issue. All facts and evidence support the clear conclusion that Andre Maisonette and Edward Desmond were in privity and represented in the prior action.

III. **Alternatively, if the Court deems the prior action was not dismissed with prejudice then Plaintiff's should be given the opportunity to also relitigate their claims.**

In the event that this Court finds that the prior action was not dismissed with prejudice, Plaintiffs request leave to Amend their Complaint to introduce the causes of action and claims brought in the prior action.

2

**IV.     The disposition of the Settlement Agreement in the prior action is governed by contract law**

Plaintiffs do not dispute Defendants' assertion that where the parties enter into a settlement agreement, the terms of that agreement are governed by the disposition of the claims. Again, the language of the agreement indicates "Parties agree to release each other *from any and all claims and pleadings* in the Federal Action," Settlement Agreement ¶16. No where in their opposition motion do the Defendants allege a material breach of the Settlement Agreement. Also, Defendant fails to point to any evidence to support any breach of the settlement agreement.

Defendants misrepresent the title of the Exhibit B of the Settlement Agreement. Defendants misstate the title as being a "Limited Release" despite the clear title "Mutual General Releases" of the Settlement Agreement. Defendants also misrepresent the substance of the agreement. The language throughout the Stipulation of Settlement and Mutual General Release convey a clear intent by the parties to settle the dispute with prejudice, "releases and forever discharges" any and all claims arising out of or in any way relating to the prior action.

It is also worth noting that the Settlement agreement was reached August 23, 2004 which was approximately two weeks prior to the trial date (September 8, 2004).

## V. Conclusion

Plaintiffs respectfully requests that averments 20-43, 50, 81-83 and 106-123 in Defendants' Amended Answer be dismissed, or alternatively, both sides be allowed to relitigate the prior lawsuit.

Dated: May 11, 2006  By:  /s/ Jennifer Meredith
     New York, New York  Jennifer Meredith (JM 4816)
     Meredith & Keyhani, PLLC
     330 Madison Avenue
     6th Floor
     New York, New York 10017
     (212) 760-0098 telephone
     (212) 202-3819 telefax

     Attorney for Plaintiff
     Pitbull Productions, Inc.
     Andre Maisonette
     Edward Desmond